NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3070
_____

MAUREEN CHANDRA, individually and on behalf
of those similarly situated,

Appellant

v.

VERIZON COMMUNICATIONS INC.,
a Delaware Corporation
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2-12-cv-00371)
Honorable Faith S. Hochberg, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
April 26, 2013

BEFORE: JORDAN, GREENBERG and NYGAARD, Circuit Judges

(Filed: April 29, 2013)
_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge.

This matter comes on before this Court on an appeal from an order of the District

Court entered on June 22, 2012, dismissing the complaint in this action predicated on the

New Jersey Consumer Fraud Act, common law and equitable fraud, and breach of contract. The order in addition to dismissing the complaint includes the Court's opinion. In her complaint, plaintiff-appellant Maureen Chandra charges that defendant-appellee Verizon Communications imposed an "improper service fee . . . [on her as a] subscriber[ ] of its TV Protection Plan." App. at 8. In particular, Chandra asserts that Verizon charged her a $75 fee for service that it performed on her 65-inch television set at her premises even though the TV Protection Plan that she purchased from Verizon specifically provided that subscribers to the plan would not have any obligation to pay a fee for service of sets with screens of more than 32 inches. Though Chandra has attempted to bring this case on a class action basis, the District Court dismissed the complaint without addressing the class action issues.

The District Court in its June 22, 2012 opinion and order granted a motion that Verizon made to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). In its opinion, the Court, though accepting Chandra's factual allegations in the light most favorable to her, held that the germane provisions of the plan on which Chandra relied in her argument that the $75 fee did not apply to the service of her 65-inch set were clear and unambiguous and only excluded the remote control unit for the set and a FiOS back-up battery and not service of a television set itself regardless of its size from the $75 fee. Thus, Chandra's complaint could not survive Verizon's motion under Rule 12(b)(6) on any of her four theories.[1]

---

[1] In these circumstances and in view of our result we do not consider certain pleading issues and issues specific to the Consumer Fraud Act that Verizon raises.

Chandra has appealed from the District Court's order.  The District Court had jurisdiction under 28 U.S.C. § 1332(d) and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review on this appeal.  See Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010).

The provisions of the protection plan with which we are concerned read as follows:

> 4c.  Service Fee:  **In the event that your television requires service, you will be required to pay a service fee in the amount of Seventy-Five Dollars ($75.00).**  This service fee does not apply to the replacement of the remote control or FiOS back up battery as specified in Section 4(e).  The service fee must be paid and received in advance of the service being provided and may be paid through a valid credit card, check or money order.  There is no service fee for repair or replacement of remote controls or FiOS back up battery units.  (emphasis in original).
>
> d.  Remote Control and FiOS Back Up Battery:  This Plan covers the cost to replace the original remote control, as provided with the television by the manufacturer, and a FiOS back up battery with ones of the like kind and quality.  You will not be charged a service fee for claims related to products listed in this Section 4(e), however, the costs associated with the replacement of these products will apply toward the aggregate claim limit under the Plan.  (emphasis added.)
>
> e.  On-Site Service:  If the product requiring service has a screen size larger than 32", it will be serviced on-site.  We will use our best efforts to have an authorized service provider contact you within (1) business day of your initial call to arrange for service.  Service will be provided during regular business hours Monday through Friday, except holidays.  An adult (18 years or older) must be present during the time of service.  You must provide a safe, non-threatening environment for our technicians in order to receive on-site service.  Due to environmental or technical requirements, if certain repairs cannot be completed where the product is located and must be repaired at another location, this Plan will cover all shipping and handling costs.  Products installed in cabinetry and other types of built-in applications are eligible for service as long as you make the product accessible to the service technician.  We are not responsible for dismantling or reinstallation of fixed infrastructure when removing or reinstalling a

3

repaired or replaced product into a custom installation. The product must be located at your primary residence at the time of service.

f. Repair Depot Service: If the product requiring service has a screen size of 32" or smaller, it will be shipped to a designated repair depot . . . within two (2) business days of your initial call for service. This Plan provides for next business day shipping. All shipping costs are covered by the Plan.

App. at 20.

We are satisfied, as was the District Court, that the protection plan is clear and unambiguous and provides for the $75 service fee that Verizon imposed on Chandra and thus we will affirm the order of the District Court. To start with in section 4(c) the plan provides in highlighted language that **"[i]n the event that your television requires service, you will be required to pay a service fee in the amount of Seventy-Five Dollars ($75.00)."** Id. Chandra seeks to avoid this clear language by pointing to section 4(d) which provides that "[y]ou will not be charged a service fee for claims related to products listed in this Section 4(e)" and by then noting that sets with screens larger than 32 inches are mentioned in section 4(e) which provides that sets of that size are "serviced on site." Id. But the heading of section 4(d) indicates that it applies to "Remote Control and FiOS Back Up Battery" and thus unless we adopt a strained interpretation of that section it cannot support her case as we are concerned with the service of a television set. See Windsor Sec., Inc. v. Hartford Life Ins. Co., 986 F.2d 655, 667-68 (3d Cir. 1993); see also Stein v. Bienville Water Supply Co., 141 U.S. 67, 80, 11 S.Ct. 892, 897 (1891) ("[I]t is the duty of the courts not to defeat the intention of the parties to a contract by a strained interpretation of the words employed by them . . . ."). Moreover, section 4(c) indicates that the "service fee does not apply to the replacement of the remote control or FiOS back

4

up battery as specified in Section 4(e)." App. at 20. Thus, both section 4(c) and section 4(d) clearly exclude only service of controls and batteries from the $75 fee.

Finally, we observe that for two reasons by reaching our result we avoid what otherwise would be a bizarre outcome in this case. In seeking to avoid such an outcome we observe in this case arising in New Jersey that the Supreme Court of New Jersey has pointed out that "[a] basic principle of contract interpretation is to read the document as a whole in a fair and common sense manner." Hardy v. Abdul-Matin, 965 A.2d 1165, 1169 (N.J. 2009). See also Travelers Indem. Co. v. Dammann & Co., 594 F.3d 238, 255 (3d Cir. 2010). Under Chandra's theory, sets with screens of more than 32 inches, though not smaller sets, are to be serviced without a fee because under section 4(e) the larger sets "will be serviced on-site." App. at 20. But if Verizon intended to provide for service without a fee for television sets of more than 32 inches when it adopted the protection plan surely it simply could have provided that the fee would not be imposed for service of sets of more than 32 inches rather than drafting the plan with convoluted provisions that Chandra claims it adopted to reach the same result in a round-about way.

The second bizarre result that our outcome avoids derives from Chandra's argument that, if adopted, would require us to conclude that Verizon did not intend to seek a service fee when it would be put to the expense of sending a service person to the location of the television set rather than having the set shipped to it for service. In this regard, as we already have pointed out, section 4(e) provides that sets of more than 32 inches "will be serviced on-site" and we further point out that section 4(f) provides that "[i]f the product requiring service has a screen size of 32" or smaller "it will be shipped

5

to a designated repair depot location for service." App. at 20. Indeed, section 4(e) never mentions sets of 32 inches or less. It appears from her brief that Chandra believes that a distinction with respect to service fees between larger and smaller sets seemingly benefiting the owners of larger sets is reasonable for it is expensive to ship television sets for servicing and it is only the sets of not more than 32 inches in size that must shipped. Yet we cannot conceive that shipping a small set for service at the expense of the plan as section 4(f) provides is Verizon's obligation would be more costly to Verizon than if Verizon sent a service person to service the set at the set's location. Thus, if there is a distinction between large and small sets for purposes of imposition of the service fee it would be expected that the fee would be imposed when large sets were serviced.[2]

The order of June 22, 2012, will be affirmed.

---

[2] Although our outcome does not depend on this observation, the real problem with this case is obvious. Section 4(d) provides that "[y]ou will not be charged a service fee for claims related to products listed in this Section 4(e) . . . ." (emphasis added). The use of the demonstrative adjective "this" before "Section 4(e)" if applied literally would give rise to a linguistic impossibility as the reference to section 4(e) appears in section 4(d) and thus section 4(e) cannot be "this" section. Clearly, if the exclusion from the fee to which section 4(d)was making reference was section 4(e), the word "this" before "Section 4(e)" would have been omitted. It therefore must follow that the products for which there is no service fee are those listed in 4(d), i.e., the remote control and FiOS back up battery.